# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CAROLYN JO FREDERICK**                                                                 **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 1:09CV297-D-D**

**ITAWAMBA COUNTY, MISSISSIPPI,**
**and KENNETH KNIGHT**                                                                 **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ITAWAMBA COUNTY, MISSISSIPPI AND KENNETH KNIGHT

COME NOW Itawamba County, Mississippi, and Kenneth Knight ("Defendants"), by and through counsel, and file this Answer and Affirmative Defenses to Plaintiff's Complaint.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against either Defendant.

### ANSWER

Answering the first, unnumbered paragraph of the Complaint, Defendants admit that this is an action to recover actual damages. Defendants deny all remaining allegations in the paragraph and demand strict proof of the same.

1.

Upon information and belief, the allegations in Paragraph 1 are admitted.

2.

Defendants admit the allegations in Paragraph 2.

3.

Defendants admit that this Court has jurisdiction over this lawsuit as stated in Paragraph 3, but deny any remaining allegations of the paragraph, and deny any liability under the cited

statutes and laws.

4.

Defendants admit the allegations in Paragraph 4.

5.

Defendants admit that Plaintiff has been employed as a jailer, on and off, for approximately six years as stated in Paragraph 5.

6.

Defendants deny the allegations in Paragraph 6 and demand strict proof of the same.

7.

Upon information and belief, Defendants deny the allegations in Paragraph 7 and demand strict proof of the same.

8.

Defendants deny the allegations in Paragraph 8 and demand strict proof of the same.

9.

Defendants admit that Plaintiff was dismissed on or about August 17, 2009. Defendants deny the remaining allegations in Paragraph 9 and demand strict proof of the same.

10.

Defendants deny the allegations in Paragraph 10 and demand strict proof of the same.

11.

Defendants deny the allegations in Paragraph 11, including subparagraphs A. through C. therein, and demand strict proof of the same.

12.

Defendants deny the allegations under the paragraph headed "**REQUEST FOR**

**RELIEF**" and demand strict proof of the same. Answering further, Defendants deny that Plaintiff is entitled to any of the requested relief, and further deny that Plaintiff is entitled to anything whatsoever from them on account of her claims in this lawsuit.

AND NOW, having answered the paragraphs of the Complaint, Defendants state the following additional affirmative defenses:

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq.*, including, but not limited to all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### THIRD DEFENSE

Defendants state that their actions were at all times in compliance with state and federal law.

### FOURTH DEFENSE

Defendant Itawamba County is a governmental entity entitled to sovereign immunity from suit and liability.

### FIFTH DEFENSE

Defendants have at all times acted reasonably and in good faith, and within the scope of their authority in dealing with Plaintiff.

### SIXTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, her recovery, if any, must be reduced accordingly.

## SEVENTH DEFENSE

Legitimate grounds support Defendants' acts and omissions that are the basis of Plaintiff's claims pursuant to the First Amendment and/or state law.

## EIGHTH DEFENSE

The alleged damages of Plaintiff, if any, occurred during her employment, and any relief to which she may be entitled would be governed by the Mississippi Workers' Compensation Act.

## NINTH DEFENSE

Plaintiff's claims against all Defendants are barred by defenses of judicial estoppel, equitable estoppel and collateral estoppel.

## TENTH DEFENSE

Defendants reserve the right to assert that Plaintiff's claims are barred, in whole or in part, by any applicable statute of limitation.

## ELEVENTH DEFENSE

Any injury or damage suffered by Plaintiff as a result of the events complained of were caused solely by reason of the conduct of the Plaintiff, and all actions of Defendants were, in every sense, lawful, proper and responsible.

## TWELFTH DEFENSE

The business judgment rule protects Defendants and bars recovery for some or all of Defendants' conduct and decisions.

## THIRTEENTH DEFENSE

Defendants based decisions concerning Plaintiff's employment on reasonable and sufficient grounds, thus barring Plaintiff's recovery against Defendants on some or all of her claims.

**FOURTEENTH DEFENSE**

Plaintiff was an at-will employee and her employment was subject to at-will status as provided by the laws of the State of Mississippi. Plaintiff fails to set forth facts sufficient to support a claim that her discharge was in violation of the narrow public policy exception to the employment at-will doctrine.

**FIFTEENTH DEFENSE**

The statements which Plaintiff claims supports her assertions of a First Amendment violation, or some of them, are not protected by the First Amendment in that they do not involve matters of public concern and/or were made pursuant to Plaintiff's official duties.

**SIXTEENTH DEFENSE**

Defendant Kenneth Knight is entitled to qualified immunity in regard to the claims against him in his individual capacity.

**SEVENTEENTH DEFENSE**

Punitive damages may not be recovered against Itawamba County.

**EIGHTEENTH DEFENSE**

Punitive damages cannot be justified in this case, and any claim for punitive damages against the Defendants would be in violation of the constitutional safeguards provided to the Defendants under the constitutions of the State of Mississippi and the United States of America. Specifically:

    a.    Any imposition of punitive damages against the Defendants in this case would violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 in that the basis for imposing liability, for awarding punitive damages and for trial and appellate review of any such award is vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interest.

    b.    Any imposition of punitive damages against the Defendants in this case would

constitute an excessive fine in violation of Article 3, §28 of the Mississippi Constitution of 1890 and of the due process clauses of the Fourteenth Amendment of the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890.

c.  Any imposition of punitive damages against the Defendants in this case based on wealth would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

d.  No punitive assessment can be imposed against the Defendants in the absence of clear and convincing proof of punitive liability as required by the due process clause of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890 and as further required by Mississippi common law.

e.  Any award of punitive damages against the Defendants in this case would be in violation of the procedural safeguards provided to the Defendants under the Fourth, Fifth and Sixth Amendments to the United States Constitution in that punitive damages are penal in nature, and the Defendants are entitled to the same procedural safeguards accorded to those charged with crimes against the State or against the United States.

f.  Any imposition of punitive damages against the Defendants in this case would unconstitutionally chill the Defendants access to court and counsel in violation of substantive and procedural due process guarantees of the Fourteenth Amendment to the United States Constitution and of Article 3, §14 of the Mississippi Constitution of 1890, the First Amendment (to the United States Constitution) right to petition for redress of grievances, and the Mississippi Constitutional guarantees of Article 3, §24 (courts to remain open) and §25 (no one debarred from defending civil actions).

g.  The Plaintiff's claims for punitive damages are governed by, and fail to comply with, the standards set forth by the United States Supreme Court and Mississippi Supreme Court.

## NINETEENTH DEFENSE

Defendants reserve the right to assert any additional affirmative defenses depending on any evidence discovered in pursuit of this litigation.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to injunctive relief as requested.

WHEREFORE, Defendants request judgment in their favor as follow:

(a) That Plaintiff's Complaint be dismissed in its entirety with prejudice, with Plaintiff taking nothing thereby;

(b) That Defendants be awarded costs incurred herein;

(c) That Defendants be awarded reasonable attorney fees incurred herein to the full extent permitted by law; and

(d) That Defendants be awarded any other further relief that the Court deems just and proper.

This the 24th day of February, 2010.

> s/Berkley N. Huskison (MSB #9582)
> *Attorney for Itawamba County, Mississippi and Kenneth Knight*

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jim Waide, Esquire
Waide & Associates, P.A.
Post Office Box 1357
Tupelo, MS 38802-1357
waide@waidelaw.com
*Attorney for Plaintiff*

This the 24th day of February, 2010.

s/ Berkley N. Huskison

660479